# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

**AMANDA HAYNES**                                                                             **PLAINTIFF**

**V.**                              **NO. 3:25-cv-00054-ERE**

**FRANK BISIGNANO, Commissioner**
**of the Social Security Administration**                                          **DEFENDANT**

## ORDER[1]

## I.  Introduction:

On February 9, 2021, Amanda Haynes filed a Title II application for disability and disability insurance benefits and a Title XVI application for supplemental security income benefits. *Tr. 13, 105, 107, 125-126, 239*. In both applications, she alleged disability beginning on September 1, 2017. *Id*. The applications were denied at both the initial and reconsideration levels of review. *Tr. 13*. On November 30, 2023, Ms. Haynes appeared via telephone at a hearing before an administrative law judge ("ALJ").[2] *Tr. 13, 37*. In an April 1, 2024, written decision, the ALJ determined that Ms. Haynes was not disabled. *Tr. 13-29*. The Appeals Council declined to review the decision, making the ALJ's decision the final decision of the Commissioner. *Tr. 1-7*. Ms. Haynes now seeks judicial review.

---

[1] The parties have consented in writing to the jurisdiction of a United States Magistrate Judge. *Doc. 5*.

[2] At the hearing, Ms. Haynes amended her alleged onset date to January 15, 2020. *Tr. 14*.

For the reasons stated below, the Court reverses the ALJ's decision and remands for further review.

## II. **The Commissioner's Decision:**

At step one of the required five-step analysis, the ALJ found that Ms. Haynes had not engaged in substantial gainful activity since the amended alleged onset date of January 15, 2020.[3] *Tr. 16.* At step two, the ALJ determined that Ms. Haynes has the following severe impairments: diabetes mellitus, bilateral carpal tunnel syndrome, Martin-Gruber anastomosis and trigger finger, cervical degenerative disc disease, lumbar degenerative disease, asthma, and obesity. *Id.*

The ALJ found that Ms. Haynes did not have an impairment or combination of impairments meeting or medically equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Tr. 18-19*. Next, the ALJ determined that Ms. Haynes has the residual functional capacity ("RFC") to perform sedentary work with the following limitations: (1) only occasional climbing of ramps or stairs; (2) no climbing or ropes, ladders, or scaffolds; (3) only occasional balancing, stooping, kneeling, crouching or crawling; (4) no more than frequent use of the upper

---

[3] The ALJ followed the required five-step sequence to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)-(g), 416.920(a)-(g).

2

extremities to reach, handle, finger, or feel; and (5) only occasional exposure to atmospheric conditions such as fumes, noxious odors, dusts, mists, gases, and poor ventilation. *Tr. 19.*

At step four, the ALJ found that Ms. Haynes is unable to perform any past relevant work.[4] *Tr. 27.* Relying on the testimony from a Vocational Expert ("VE"), and considering Ms. Haynes's age, education, work experience, and RFC, the ALJ found that significant numbers of jobs existed in the national economy that she could perform, such as document preparer, table worker, and label cutter. *Tr. 28-29.* Therefore, the ALJ found that Ms. Haynes was not disabled. *Id.*

### III. Discussion:

#### A. Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> Our review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly

---

[4] Ms. Haynes has past relevant work as a certified nursing assistant, performed at the heavy exertional level. *Tr. 27.*

>detracts from that decision. Reversal is not warranted, however, merely because substantial evidence would have supported an opposite decision.

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

In clarifying the "substantial evidence" standard applicable to review of administrative decisions, the Supreme Court has explained: "And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . 'is more than a mere scintilla.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 59 S. Ct. 206, 217 (1938)). "It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id*.

### B. Ms. Haynes' Arguments for Reversal

Ms. Haynes contends that the evidence supporting the ALJ's decision is less than substantial because: (1) the RFC did fully incorporate Ms. Haynes' credible limitations, specifically with respect to the use of her upper extremities; (2) the ALJ failed to properly develop the record; and (3) the ALJ erred in his analysis of Ms. Haynes' subjective complaints. The record supports Ms. Haynes' first and second arguments.

Ms. Haynes suffered from neck pain that radiated into her arms and hands, as well as bilateral carpal tunnel syndrome. *Tr. 20-24, 46-58*. She had bilateral carpal

tunnel release surgery in 2022, and cervical spine fusion in 2023. *Tr. 1138-1150, 1495-1498*. She testified that these surgeries did not help her neck, arm, or hand symptoms. *Tr. 46-50*. MRIs of the cervical and lumbar spine showed disc bulging, foraminal narrowing, and involvement of the spinal cord. *Tr. 500-503, 1432-1433*. Ms. Haynes treated with narcotic medication and physical therapy. *Tr. 472-476, 1401-1428*. Still, Ms. Haynes said that treatment was not very effective. *Tr. 20-22, 42-58*. She struggled with daily activities requiring the use of her hands, like grasping things, performing self-care, and taking care of her toddler. *Id*. She tried to perform household chores but needed to rest as she did. *Id*. Rather than shop for groceries, she ordered them from her phone for delivery. *Id*.

Her doctors limited her to lifting no more than ten pounds and no overhead reaching. *Tr. 24, 53-54, 1529*. They opined that further surgeries may be necessary. *Tr. 1146, 1448-1458, 1524-1529*.

Two state-agency medical experts reviewed the records. Dr. Dan Gardner's August 2021 assessment found that Ms. Haynes could perform light exertional work with no manipulative restrictions (meaning no reaching, handling, fingering, or feeling restrictions). *Tr. 75-79*. In April 2022, Dr. Robert Redd, M.D., found that Ms. Haynes could perform medium exertional work with no manipulative restrictions. *Tr. 112-114*. There were no medical RFC opinions more recent than

5

these two state-agency opinions, both of which predated, by two years or more, the end of the relevant period.[5]

Ms. Haynes asserts that she could not perform the reaching, handling, fingering, or feeling required by the RFC, and that the ALJ did not support his decision with sufficiently current medically supported RFC opinions.[6] No treating provider gave an RFC opinion, other than the limitation to lifting no more than ten pounds and no reaching overhead. *Tr. 24, 1529*. The ALJ found the two distant state-agency RFC opinions to be unpersuasive but did not seek any supplemental information from a medical expert. *Tr. 26*. Both state-agency RFC determinations predated Ms. Haynes surgeries, both of which proved unsuccessful.

The medical records as whole, including those subsequent to the state-agency opinions, along with Ms. Haynes' subjective allegations, indicate continuing problems with movement of her upper extremities. Her neck pain caused headaches, sleeping problems, and anxiety, and the pain radiated to her arms. *Tr. 42-58*. The

---

[5] The relevant time-period ended April 1, 2024, the date of the ALJ's decision.

[6] A claimant's RFC represents the most he can do despite the combined effects of all of his credible limitations and must be based on all credible evidence. *McCoy v. Astrue*, 648 F.3d 605, 614 (8th Cir. 2011). In determining the claimant's RFC, the ALJ has a duty to establish, by competent medical evidence, the physical and mental activity that the claimant can perform in a work setting, after giving appropriate consideration to all of his impairments. *Ostronski v. Chater*, 94 F.3d 413, 418 (8th Cir. 1996). Adequate medical evidence must exist that addresses the claimant's ability to function in the workplace. See *Lewis v. Barnhart*, 353 F.3d 642, 646 (8th Cir. 2003).

The ALJ's RFC limited Ms. Haynes to no more than frequent reaching, handling, fingering, and feeling. *Tr. 19*.

two state-agency opinions did not consider this evidence, which presents a conflict. The ALJ did not resolve this conflict, instead finding the opinions unpersuasive and assigning an RFC for frequent manipulative movements. And while Ms. Haynes doctor restricted overhead reaching, the ALJ did not address this in either the VE's hypothetical or the RFC. He also limited Ms. Haynes to sedentary work, whereas the state-agency medical experts limited her to medium or light work. The ALJ did not fully explain why his RFC differed so much from the state-agency opinions. The state-agency opinions, ALJ's RFC, and the medical evidence showing Ms. Haynes had credible limitations present different conclusions, requiring clarification. In short, the ALJ failed to fully develop the record.

Moreover, in response to the ALJ's hypothetical limiting Ms. Haynes to no more than occasional reaching, handling, and fingering, the VE said no jobs were available that she could perform. *Tr. 63-64*. Yet, the ALJ did not develop evidence fairly and fully to resolve the conflict, or to adequately support his RFC. The RFC may be beyond Ms. Haynes abilities. It may need more restrictive manipulative movements which would have eliminated jobs, according to the VE. But the question is never properly answered, because the record was inadequately developed.

### IV. <u>Conclusion</u>:

For the reasons stated above, I find that the ALJ's decision is not supported by substantial evidence. The ALJ did not fully develop RFC evidence.

7

IT IS THEREFORE ORDERED that the final decision of the Commissioner is REVERSED, and the case is remanded for further administrative review.

Dated 5 August 2025.

_____
UNITED STATES MAGISTRATE JUDGE